UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-00593-JAR |
| | ) | |
| KRISTIE MEEKS, a/k/a "Kristie Smith", | ) | |
| | ) | |
| Defendant. | ) | |

### GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.  **PARTIES:**

    The parties are the defendant Kristie Meeks, a/k/a "Kristie Smith", represented by defense counsel Eric M. Selig, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2.  **GUILTY PLEA:**

    A.   **The Plea:**      Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts One and Twelve of the Second Superseding Indictment, the United States agrees to move for the dismissal as to Defendant of Counts Two and Thirteen at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of

federal law, known to the United States at this time, arising out of the events set forth in the Second Superseding Indictment.

**B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **Further, based upon the facts of this case, the parties agree to separately recommend a sentence between 84 months and 120 months.**

## 3. ELEMENTS:

As to Counts One and Twelve, Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> **(i)** Defendant knowingly robbed a commercial establishment engaged in interstate or foreign commerce;
>
> **(ii)** The robbery involved cash;
>
> **(iii)** The cash was in the custody of an employee of the commercial establishment; and
>
> **(iv)** Defendant's actions obstructed, delayed, and affected commerce in some way or degree.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Between August 26, 2021, and October 27, 2021, Bruce Franklin committed six robberies of commercial establishments within the Eastern District of Missouri.   On two of those occasions,

Kristie Meeks accompanied Bruce Franklin and assisted him in the robberies, which involved Franklin brandishing a firearm and Meeks taking the establishments' cash.

### September 17th Robbery of MetroPCS (Counts Twelve and Thirteen)

On September 17, 2021, Franklin and Meeks entered the MetroPCS store at 3949 Lindell Boulevard in St. Louis, Missouri. Franklin pulled out a gun and pointed it at the female clerk while Meeks walked behind the cash register. Seeing the gun, the female clerk screamed and fled the store. The store manager heard his employee's scream and came to the sales floor from the back room. Franklin then brandished the firearm at the manager and demanded he open the cash registers. The manager opened both cash registers and backed up, allowing Meeks to remove cash from each drawer. Franklin and Meeks then fled the scene with over $700 cash.

### September 20th Robbery of T-Mobile (Counts One and Two)

On September 20, 2021, Franklin and Meeks entered the T-Mobile store at 4167 Lindell Boulevard in St. Louis, Missouri, the same store Franklin had robbed on September 4, 2021. Meeks entered alone at first and approached the clerk at the cash register. She then began looking at some of the merchandise until Franklin entered the store shortly thereafter. As Franklin approached the clerk at the cash register, he pulled out his black snub-nose revolver and brandished it at the clerk. Following his commands, the clerk opened the cash register as Meeks came up next to the clerk. Once the clerk opened the cash registered and backed up, Meeks began to take the cash from two cash register drawers. Meeks and Franklin then left the store with over $700 cash.

Meeks left a soda bottle on the counter next to the cash register that was seized by police. Upon examination, police lifted fingerprints from the soda bottle and a latent print examiner later

matched four latent prints to Meeks.   Meeks was wearing the same shirt, shoes, and backpack as she wore in the September 7th robbery.

**Events and facts relating to all counts**

In an interview with an FBI special agent, Meeks admitted her involvement in the two robberies.   Police later seized from Franklin's apartment the hat he wore in the September 17th robbery.   Police later seized from one of Franklin's neighbors the revolver he used in the September 20th robbery.

The revolver was determined by an expert firearms examiner to be able to expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law. Defendant admits knowing Franklin would be armed with a firearm during each of the robberies.

T-Mobile and MetroPCS each operate in interstate commerce.   T-Mobile is a Delaware corporation headquartered in Washington.   MetroPCS is owned by T-Mobile.   T-Mobile and MetroPCS both engage in interstate commerce, including selling cellular phones and associated services.

5.   **STATUTORY PENALTIES:**

A.   **Statutory Penalties**: As to each of Counts One and Twelve, Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine.   The Court shall also impose a period of supervised release of not more than three years.

6.   **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History

Category.   The parties agree that the following are the U.S. Sentencing Guidelines Total Offense

Level provisions that apply:

**A.    Offense Conduct**:

**COUNTS ONE AND TWELVE**
**HOBBS ACT ROBBERY**

(i)    **Chapter 2 Offense Conduct**:

(a)    **Base Offense Level**:   The parties agree that the Base Offense Level

is 20, as found in Section 2B1.3(a).

(b)    **Specific Offense Characteristics**:   The parties agree that the

following Specific Offense Characteristic applies: a five-level enhancement pursuant to Section

2B1.3(b)(2)(C) because a firearm was brandished.

(ii)    **Chapter 3A, 3B, and 3C Adjustments**:   None.

(iii)    **Adjusted Offense Level**:    For each of Count One and Twelve, the

adjusted offense level is 25.

(iv)    **Chapter 3D Grouping**:    The parties agree Counts One and Twelve do not

group pursuant to Section 3D1.2.   Pursuant to Section 3D1.4, with two groups each at offense

level 25, Defendant receives two Units, resulting in a two-level increase in her offense level.   The

Combined Offense Level for Counts One and Twelve is 27.

(v)    **Chapter 3E Acceptance of Responsibility:** The parties recommend that

two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because

Defendant has clearly demonstrated acceptance of responsibility.   If the deduction pursuant to

Sentencing Guidelines Section 3E1.1(a) is applied, and if Defendant is otherwise eligible, then the

United States moves to deduct one additional level pursuant to Sentencing Guidelines Section

3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty,

thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B.    Estimated Total Offense Level:**    Based on these recommendations, the parties estimate that the Total Offense Level for Counts One and Twelve is 24, unless defendant is a Career Offender. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. **The parties agree that Defendant is a Career Offender.**

**Because the Total Offense Level as set out under the previous paragraph is not greater than 29, under Section 4B1.1 Defendant's Total Offense Level will be 29—a base offense level of 32 pursuant to Section 4B1.1(b)(3) and a three-level reduction for acceptance of responsibility.**

C.     **Criminal History:**   The determination of Defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category.   Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

D.     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.   The Government recognizes it is bound by the specific agreements made herein, but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A.     **Appeal:**   Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.     **Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, and the guilty plea.

ii.     **Sentencing Issues:**   The parties agree to waive the right to appeal all sentencing issues, provided that the Court sentences Defendant to the parties' joint recommendation of between 84 and 120 months' imprisonment. Otherwise, the adversely affected party—Defendant if the sentence is higher, or the Government if the sentence is lower—reserves

the right to appeal only sentencing issues related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of Defendant's criminal history category; or (3) substantive reasonableness.

      **B.**    **Habeas Corpus:**  Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **C.**    **Right to Records:**  Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

**8.**    **OTHER:**

      **A.**    **Disclosures Required by the United States Probation Office:**  Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

      **B.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

      **C.**    **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the

crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

      **D.**    **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      **E.**    **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **F.**    **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

      **G.**    **Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees to abandon Defendant's interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to

contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agencies.

**H.** **Restitution:** In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

## 9. ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights.

Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The United States may also,

in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

9/27/23
Date

Jason S. Dunkel
Assistant United States Attorney

D9-19-23
Date

Kristie Meeks, a/k/a "Kristie Smith"
Defendant

9-20-23
Date

Eric M. Selig
Attorney for Defendant